UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:07-CR-0178-B |
| | § | |
| TOAN NGOC NGUYEN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Quyen Nguyen's Claim for Exemptions & Request for Hearing (Doc. 759), and the Government's Motion for Final Order of Garnishment (Doc. 764). For the reasons that follow, the Court **GRANTS in part** the Government's Motion and **sets a hearing** to determine whether three of the accounts at issue are subject to garnishment.

After pleading guilty to one count of conspiracy to commit mail fraud and health care fraud, Toan Ngoc Nguyen ("Nguyen") was ordered to pay $253,047.28 in restitution to the victims of his crime. Doc. 681, Judgment 4. In 2014, the Government sought and obtained a writ of garnishment as to Fidelity Trust Management Co. ("Fidelity"). Doc. 754, Writ of Garnishment. Fidelity identified five accounts that it held for Nguyen and his wife, Quyen Nguyen ("Quyen"): a Roth IRA belonging to Nguyen, a Roth IRA belonging to Quyen, and three "individual brokerage accounts" with Quyen listed as the title owner. Doc. 755, Answer of the Garnishee 2. Shortly thereafter, Quyen filed her Claim for Exemptions & Request for Hearing, where she requested a hearing but did not identify which exemptions she was claiming. Doc. 759, Claim for Exemptions & Req. for Hearing [hereinafter "Exemption Claim"]. The Government opposed this claim and request, Doc. 763,

United States' Resp., but no action was taken until the Government filed its Motion for Final Order of Garnishment in March 2016. Doc. 764, Mot. for Final Order of Garnishment [hereinafter "Garnishment Mot."]. Quyen responded to the Motion, and the Government replied. Doc. 765, Resp.; Doc. 766, Reply. Thus, the Motion is ready for review.

When a criminal defendant is ordered to pay restitution, the Government obtains a federal tax lien on the defendant's property until the restitution order expires or is satisfied. 18 U.S.C. § 3613(c). This lien allows the Government to enforce the judgment "against all property or rights to property of the person fined," subject to certain exceptions. *Id.* § 3613(a). The claimant has the burden of establishing that one of the exceptions applies. *See United States v. Gaudet*, 187 F. App'x 410, 412 (5th Cir. 2006) (per curiam) (unpublished). "Although federal law creates the lien on [the defendant's] property, state law defines the property interests to which the lien attaches." *United States v. Elashi*, 789 F.3d 547, 548–49 (5th Cir. 2015) (citing *United States v. Rogers*, 461 U.S. 677, 683 (1983)). Texas, where Nguyen and Quyen reside, is a community property state. *Id.* at 549. Each spouse possesses an "undivided, one-half interest" in all community property, which is defined as "property, other than separate property, acquired by either spouse during marriage." *Id.* (quoting Tex. Fam. Code Ann. § 3.002). "All property that the spouses possess during their marriage is presumed to be community property," *id.*, and "[a] party claiming separate property has the burden of rebutting the community property presumption by clear and convincing evidence." *Benavides v. Mathis*, 433 S.W.3d 59, 63 (Tex. App.—San Antonio 2014, pet. denied).

Here, the Government seeks to garnish Nguyen's Roth IRA account, Quyen's Roth IRA account, and the three individual brokerage accounts. Doc. 764, Garnishment Mot. ¶ 4. Quyen has objected to the garnishment of all accounts, arguing that: (1) the money in her IRA is mostly her

separate property; (2) most of the money in Nguyen's IRA is not connected to his crime; and (3) the individual brokerage accounts were set up as education funds under 26 U.S.C. § 529, and thus belong to their beneficiaries (Quyen's sister and her two children). Doc. 765, Resp. 1–2. As explained below, Quyen has not established that the Roth IRAs are exempt from garnishment, but the evidence is inconclusive as to the individual brokerage accounts. Thus, a hearing to establish who owns them would be beneficial.

In her Response, Quyen asserts that most of the money in her IRA was her separate property that she owned before marrying Nguyen. Doc. 765, Resp. 1. The evidence she has provided, however, does not bear this out. She married Nguyen in 2004, but she did not open the Roth IRA account until November 2005. *See* Doc. 765, Resp. 4, 11–12. This is all the evidence that she has provided. Therefore, she has proved only that she opened the account and possessed the money while she was married. This triggers the presumption that the account was community property, and she has not rebutted it. Therefore, one-half of Quyen's Roth IRA is subject to garnishment as Nguyen's property.

Quyen also argues that Nguyen did not open his IRA until after he stopped committing his crimes, so the Court "can[no]t assume the money in his Roth IRA was from his illegal activities." Doc. 765, Resp. 1. But whether that money is connected to his crime is irrelevant to his obligation to pay restitution. Restitution is distinct from forfeiture, and the latter's tracing requirement does not apply to the former. *United States v. Ogbemudia*, 361 F. App'x 583, 583–84 (5th Cir. 2010) (per curiam) (unpublished). Moreover, this reason is not one of the enumerated exceptions to the Government's power to enforce its lien. *See* 18 U.S.C. § 3613(a)(1)–(3). Nguyen's Roth IRA is therefore also subject to garnishment.

Last, Quyen contends that the three individual brokerage accounts are actually educational funds under 26 U.S.C. § 529. Doc. 765, Resp. 1–2. Although Fidelity's answer identified these accounts simply as "individual brokerage accounts," Doc. 755, Answer of the Garnishee 2, Quyen's evidence supports her argument that these are, in fact, educational funds. *See* Doc. 765, Resp. 6, 14, 20, 27. There are different ways to set up this kind of account, and the format can determine whether the account qualifies as property subject to garnishment. *Cf. United States v. Kieffer*, No. 1:08-cr-54, 2010 WL 2231806, at *6–8 (D.N.D. Apr. 28, 2010). The evidence that Quyen has submitted implicates this issue, but does not conclusively resolve it. Thus, the Court believes that holding a hearing on this question—who owns the individual brokerage accounts—is the proper course of action.

Accordingly, the Court **OVERRULES** Quyen Nguyen's objections to the garnishment of her Roth IRA account and Toan Ngoc Nguyen's Roth IRA account and **GRANTS** the Government's Motion as to those accounts. The Court also **sets a hearing** as to the individual brokerage accounts for **Wednesday, June 22, 2016, at 1:30 p.m.** If the parties plan to present evidence, they are **ORDERED** to disclose their witness and exhibit lists to the opposing party at least **three days** before the hearing, and to file such lists with the Court.

SO ORDERED.

SIGNED: May 24, 2016.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE